UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARK LEE TAYLOR, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>HONEYWELL CORPORATION, et al.,<br><br>　　　　Defendants. | Case No: C 09-4947 SBA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND ORDER FOR REMAND**<br><br>Docket 8 |

　　　This matter comes before the Court on Plaintiffs' Motion to Amend Their Complaint to Join as Defendants Jeppesen Dataplan, Inc., and Jeppersen Sanderson, Inc., and Order for Remand. Having read and considered the papers submitted, and being fully informed, the Court GRANTS the motion and REMANDS the action to state court. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the instant motion without oral argument.

**I.　BACKGROUND**

　　　The parties are familiar with the facts of this case, which will only be summarized briefly herein. On January 15, 2008, Mark Taylor, a pilot with United Airlines, was landing a Boeing 747 jet when it almost crashed. Plaintiffs attribute the mishap to inaccurate approach information provided by the plane's flight management computer, which was manufactured by defendant Honeywell International, Inc. ("Honeywell"). As a result of the near crash, Plaintiff allegedly suffers from post-traumatic stress disorder.

　　　On August 25, 2009, Plaintiffs Mark Taylor and his wife Pamela Taylor filed the instant action in San Francisco County Superior Court. The complaint alleges causes of action for strict products liability, negligence and loss of consortium against Honeywell. On October 16, 2009, Honeywell removed the action on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff now moves to amend the complaint, pursuant to 28 U.S.C. § 1447(e), to join Jeppesen

DataPlan, Inc. ("Jeppesen DataPlan") and Jeppesen Sanderson, Inc. ("Jeppesen Sanderson"), the entities that provided the flight data, as additional defendants. Honeywell only opposes the joinder of Jeppesen DataPlan, which is a California citizen and whose presence in the action would destroy diversity and require remand.

## II.   LEGAL STANDARD

When a plaintiff seeks to join a non-diverse defendant to an action removed on the basis of diversity jurisdiction, joinder is governed by 28 U.S.C. § 1447(e). That section provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). The decision of whether to permit joinder is a matter left to the discretion of the district court. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

The Court's discretion under section 1447(e) is guided by consideration of the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). Not all factors must be considered. See Righetti v. Shell Oil Co., 711 F. Supp. 531, 534-35 (N.D. Cal. 1989) (allowing joinder under section 1447(e) where motion was timely, plaintiff had stated a "facially legitimate claim" against the non-diverse defendant and no prejudice would result to defendant from the joinder). If the Court permits joinder of a

non-diverse defendant under this provision, the Court must remand the action to state court. 28 U.S.C. § 1447(e).[1]

## III.   DISCUSSION

### A.   NECESSARY PARTY UNDER RULE 19

Federal Rule of Civil Procedure 19(a) requires joinder of persons whose absence (1) would preclude the grant of complete relief, (2) would impede such persons' ability to protect their interests, or (3) would subject any party to the danger of inconsistent obligations. See Fed.R.Civ.P. 19(a).  However, leave to amend under section 1447(e) is a less restrictive standard than joinder sought directly under Rule 19.  IBC Aviation Servs., 125 F. Supp. 2d at 1012.  The salient question is whether "[the] failure to join will lead to separate and redundant actions."  Id. at 1011.  In evaluating this factor, the court also considers whether the non-diverse defendants are "only tangentially related to the cause of action . . . ."  Id. at 1012; see Ruscigno v. Hillstone Restaurant Group Inc., 2010 WL 934265 at *2 (N.D. Cal., March 15, 2010).

Here, Jeppesen DataPlan is alleged to have generated and supplied inaccurate flight navigation data that was used in the flight navigation computer system that plaintiff Mark Taylor relied upon at the time of the incident.  Under California law, suppliers of component parts of defective products may be held strictly liable for injuries resulting from the defective products.  See Jimenez v. Superior Court, 29 Cal.4th 473, 478 (2002).  It therefore would be

---

[1] Honeywell frames part of its opposition in terms of the doctrine of "fraudulent joinder." That doctrine allows courts to ignore the citizenship of non-diverse parties in ascertaining the propriety of a removal on diversity jurisdiction grounds. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067-68 (9th Cir. 2001). A joinder is deemed "fraudulent" where there is no possibility of recovery against a resident defendant according to the settled rules of the state. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). It is an exception to the requirement that complete diversity exist at the time of removal. Id. at 1067. However, where the plaintiff seeks to join additional parties *after* removal, the request to amend is governed by 28 U.S.C. § 1447(e). Id. at 1068 (distinguishing between situation where non-diverse is joined prior to removal and where a non-diverse defendant is sought to be joined after removal). That notwithstanding, the Court notes that the core inquiry in a fraudulent joinder analysis, i.e., whether there is any possibility of recovery against the non-diverse defendant, is subsumed in the consideration in a section 1447(e) analysis of whether plaintiff can state a valid claim against the party sought to be joined. Therefore, the Court considers Honeywell's fraudulent joinder arguments under the framework applicable to motions brought under section 1447(e).

redundant and inefficient to require Plaintiffs to litigate their products liability action against Jeppesen DataPlan in state court, while simultaneously having to litigate the instant action against Honeywell and Jeppesen Sanderson in this Court—particularly when the same incident, subject matter, and issues regarding the defect, causation, and damages will have to be litigated. Jeppesen DataPlan is not merely "tangentially related" to Plaintiffs' claims, but rather, is potentially a central party to them. This factor strongly favors joinder and remand.

### B. STATUTE OF LIMITATIONS

Neither party discusses this factor, which the Court therefore deems neutral.

### C. UNEXPLAINED DELAY

Honeywell argues that Plaintiffs have failed to adequately explain why they waited until after removal before seeking to join Jeppesen DataPlan. Plaintiffs filed suit on August 25, 2009, but waited until January 11, 2010 to move to amend to add the Jeppeson defendants. In their reply, Plaintiffs offer no explanation why they waited almost four months after commencing their action to seek leave to amend. This weighs against permitting the proposed amendment. At the same time, the Court notes that Plaintiffs filed their motion to amend and remand almost immediately following removal, prior to any discovery or any substantive proceedings having taken place. Thus, at most, this factors only weighs *marginally* in favor of Honeywell. See Zhang v. Saks Inc., 2009 WL 5125815 at *4 (N.D. Cal., Dec. 21, 2009) (finding that unexplained four and one-half month delay in seeking to amend was "minimal" and weighed "only marginally in favor of [defendant]").

### D. MOTIVE

Nothing section 1447(e) expressly requires an inquiry into a plaintiff's motive for seeking to join a non-diverse defendant. Righetti, 711 F. Supp. at 535. At least one judge in this District has found that the legislative history of section 1447(e) "forecloses" a defendant's argument that plaintiffs' sole purpose in bringing a motion under section 1447(e) is to effect a remand. Id. ("Nor does the court find that section 1447(e) requires an inquiry into the plaintiffs' motive for adding a non-diverse defendant."). To extent that motive is germane,

however, the Court finds the analysis in Oettinger v. Home Depot, 2009 WL 2136764 (N.D. Cal., July 15, 2009) to be instructive.

In Oettinger, the defendant opposed the plaintiff's motion to amend the complaint, in part, on the ground that the plaintiff's motive was to destroy diversity. The defendant based its argument on the timing of the motion and the plaintiff's preference to litigate in state court. The plaintiff's stated objective for the joinder was to obtain a judgment against all liable persons and entities to maximize her prospects for collecting the judgment. The court found that "Defendant's view of Plaintiff's motive is no more compelling than Plaintiff's explanation of her motive, and Plaintiff's preference for state court is no less honorable than Defendant's for federal court." Id. at *3. The court was therefore unwilling to impute an improper motive to the plaintiff and weighed this factor in favor of the plaintiff. Id.

Like the plaintiff in Oettinger, Plaintiffs' motives for amending the complaint are grounded in their desire to add valid claims against an additional defendant, thereby maximizing their prospects for a full recovery, as well as to avoid the inefficiency and expense of multiple actions. Although Plaintiffs also may have a preference for state court, such a preference cannot be construed negatively any more than Honeywell's preference for federal court. The Court thus finds that this factor weighs in favor of Plaintiffs.

### E. FACIALLY LEGITIMATE CLAIM

The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e). Righetti, 711 F. Supp. at 534-35. In the proposed amended complaint, Plaintiffs allege claims of negligence and strict products liability against Jeppesen DataPlan. Under California law, a claim of strict products liability is stated where the complaint alleges that: (1) the product reached plaintiff without substantial change in its condition; (2) the product was used in the manner intended; and (3) plaintiff was injured as a result of a defect in the product, of which the plaintiff was not aware, making the product unsafe for its intended use. Milwaukee Elec. Tool Corp. v. Superior Court, 15 Cal.App.4th 547, 559 (1993). Plaintiffs' proposed first amended complaint sufficiently alleges each of these elements as part of the first cause of action. See Proposed Am. Compl. ¶¶ 11-18.

In its opposition, Honeywell focuses its argument on the claim that there is no contract between it and Jeppesen DataPlan. However, whether or not a contractual relationship existed between Jeppesen DataPlan and Honeywell is inapposite. Jeppesen DataPlan's potential liability arises because of its role as a component parts supplier that placed a defective product in the stream of commerce—not because of any contractual relationship with Honeywell. Jimenez v. Superior Court, 29 Cal. 4th 473, 479-80 (2002). Therefore, this factor weighs in favor of permitting joinder.

### F. PREJUDICE TO THE PARTIES

Finally, Honeywell argues that Plaintiffs will not suffer any prejudice if the Court denies joinder because Honeywell is capable of satisfying any judgment rendered in Plaintiffs' favor. Defendant's argument is unpersuasive. Honeywell's alleged *present* ability to satisfy a judgment does not guarantee that it will, in fact, have the ability to do so if and when a judgment is entered. In addition, Plaintiffs ostensibly cannot fully recover for their claims absent the joinder of Jeppesen DataPlan because Honeywell is only severally liability for Plaintiffs' *general* damages. See Cal.Civ.Code § 1431.2.

The denial of Plaintiffs' motion to amend would also be unduly prejudicial to Plaintiffs because it would require them either to abandon the potential claims it has against Jeppesen DataPlan or litigate the same legal issues and facts as this case in state court. Duplicative litigation in separate proceedings pending in state and federal court would result in a waste of judicial and the Plaintiffs' resources, as well as risk inconsistent results. IBC Aviation Serv., 125 F. Supp. 2d at 1012. In contrast, given that this case is in its early stages, Honeywell will not suffer any prejudice by the amendment. This factor weighs in Plaintiffs' favor.

### IV. **CONCLUSION**

The balance of factors applicable to the instant motion militate in favor of permitting the proposed amendment and remanding the action. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Amend Complaint to Join Defendants and Remand to State Court is GRANTED. Because the joinder of the additional defendants destroys diversity jurisdiction, the Clerk shall remand the action forthwith the San

1 | Francisco County Superior Court.  The Clerk shall close the file and terminate any open
2 | Docket matters.
3 |     IT IS SO ORDERED.
4 | Dated: May 10, 2010

                                          SAUNDRA BROWN ARMSTRONG
                                          United States District Judge