| | |
|---|---|
| MARK LEE TAYLOR, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>HONEYWELL CORPORATION, et al.,<br><br>　　　　Defendants. | Case No: C 09-4947 SBA<br><br>Related to:<br>C 10-1920 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL**<br><br>Docket 38 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

   On August 25, 2009, Plaintiffs Mark Taylor and his wife Pamela Taylor (collectively "Plaintiffs") filed a personal injury action against Honeywell International, Inc. ("Honeywell") in San Francisco County Superior Court.  Honeywell removed the action on the basis of diversity jurisdiction.  Plaintiff subsequently filed a motion to amend their complaint to join Jeppersen Sanderson, Inc. ("Sanderson") and Jeppesen Dataplan, Inc. ("Dataplan") as defendants.  On May 10, 2010, the Court granted Plaintiffs' motion and remanded the action under 28 U.S.C. § 1447(e).  After the case was remanded, Plaintiffs did not amend their state court complaint to join either of these defendants.

   In the meantime, while the above-captioned action was pending in this Court, Plaintiffs filed a second lawsuit in San Francisco County Superior Court against DataPlan and Sanderson.  See Taylor v. Jeppesen Dataplan, Inc., San Francisco County Super. Ct., No. CGC-10-495884, filed January 8, 2010.  Like the prior action, the second complaint alleges causes of action for strict products liability, negligence and loss of consortium.  On May 4, 2010, defendants removed the action to this court on the basis of diversity jurisdiction.  Although Dataplan is not diverse from Plaintiffs, defendants alleged that Dataplan was fraudulently joined, and therefore, its citizenship should be disregarded.

Plaintiffs filed a motion to remand in the Jeppesen Dataplan action, which the Court denied on September 27, 2010.  In reaching its decision, the Court considered the declarations submitted by defendants which established that Dataplan had no involvement with the equipment underlying Plaintiffs' personal injury claims.  The Court did not have the benefit of such information when it adjudicated Plaintiffs' motion to amend and for remand previously filed in this action.

On October 1, 2010, Honeywell filed the instant Motion for Leave to File Amended Notice of Removal.  Honeywell seeks permission to file another notice of removal on the grounds that Plaintiffs never joined Dataplan or Sanderson after the case was remanded on May 10, 2010, and in light of the Court's determination that Dataplan was fraudulently joined in the Jeppeson Dataplan action.  Honeywell fails to cite any legal authority to establish that the Court has the power to grant leave to file an amended notice of removal in a case that is no longer pending in federal court.  Moreover, Honeywell's motion appears to be a de facto request to reconsider the Court's May 10, 2010 Order remanding the action.  Under 28 U.S.C. § 1447(d), however, the Court's remand order is not subject to further review.  See Stevens v. Brink's Home Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004).  Accordingly,

IT IS HEREBY ORDERED THAT Honeywell's Motion for Leave to File Amended Notice of Removal (Dkt. 38) is DENIED.  The Clerk also shall file a copy of this Order in C 10-1920 SBA and terminate Docket 31 therein.

IT IS SO ORDERED.

Dated: October 13, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge